E. R. COATS ET AL., ADMINISTRATRIX, V. A. E. NORRIS ET AL., ADMINISTRATRIX.

(Filed 29 September, 1920.)

1. **Courts—Discretion—New Trials—Appeal and Error.**
　　A motion to set aside a verdict and grant a new trial is made to the discretion of the trial judge, and not reviewable on appeal.

2. **Evidence—Questions for Jury—Trials.**
　　*Held,* in this case, the evidence was sufficient to be submitted to the jury on the issues raised by the pleadings.

WALKER, J., dissenting.

CIVIL ACTION, tried before *Bond, J.,* at February Term, 1920, of HARNETT.

The following issues were submitted:

"1. In what sum, if anything, is defendant, administratrix, indebted to the plaintiff, Mrs. A. V. Coats, as to which she was indemnified by the terms of the bond sued upon to which defendant's intestate, John E. Wilson, is alleged to have been surety? Answer: '$2,348, with interest from each date of judgment first paid in making up said amount.'

"2. In what sum, if anything, is defendant, administratrix, indebted to the plaintiff, Mrs. A. V. Coats, administratrix of E. R. Coats, as to which she was indemnified by the terms of bond sued upon, to which defendant's intestate, John E. Wilson, is alleged to have been surety? Answer: 'Nothing.'"

From the judgment rendered the defendant, E. J. Wilson, administratrix of John E. Wilson, appealed.

*Young & Best for plaintiff.*
*J. F. Wilson and Clifford & Townsend for defendant.*

BROWN, J. This action is brought to recover from the surety on a penal bond for money paid out by the plaintiff and alleged to be covered by the terms of the bond. The evidence tends to prove that E. R. Coats A. V. Coats and A. E. Norris were partners, trading as the Norris Dry Goods Company, prior to 23 May, 1910. On that date A. E. Norris purchased the interest of the other two partners in the assets of the company, and assumed the liabilities of said company, and executed a bond in the sum of $5,000, with John E. Wilson as surety, to indemnify and hold the two Coats harmless against having to pay any of the indebtedness then outstanding against the Norris Dry Goods Company. The complaint alleges that the plaintiff, A. V. Coats, was compelled to pay $2,348 of indebtedness which the said Norris Dry Goods Company were owing prior to 23 May, 1910, and seeks to recover said money from A. E. Norris and his bondsman, John E. Wilson.

There are only three assignments of error. The first relates to the alleged error of the court in permitting the plaintiffs to introduce as evidence certain judgments upon the ground that there was no evidence to show that these judgments were founded upon an indebtedness of the Norris Dry Goods Company incurred prior to the execution of the penal bond. We are of opinion that this contention cannot be maintained.

It is useless to set out the evidence or comment upon it. The issue was presented to the jury in a very clear and comprehensive charge, and has been found for the plaintiff with abundant evidence to support the finding.

The second assignment of error is to the refusal to grant the motion to nonsuit. This motion was properly denied for the reason given. The third assignment of error is to the refusal of the court to set aside the verdict and grant a new trial. This is a matter within the sound discretion of the judge, and is not reviewable by us, as has been held in innumerable cases.

No error.

WALKER, J., dissents, because there was no sufficient evidence that the judgments were based upon debts, which were within the terms of the indemnity bond.